## EVANGELINE PARISH SCHOOL BOARD v. KANSAS CITY LIFE INS. CO.

### No. 11331.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1946.

Herman Guillory, of Ville Platte, La., Willis C. McDonald and B. A. Campbell, both of New Orleans, La., for appellant.

George M. Wallace, of Baton Rouge, La., for appellee.

Carl Trauernicht and Seward McKittrick, both of St. Louis, Mo., and Perry M.

Chadwick and Joseph A. Matter, both of Chicago, Ill., for amici curiae.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

In 1937, the School Board of Evangeline Parish, La., under Article XIV, Section 14, of the state Constitution, as amended, and Act No. 46 of the Extra Session, Louisiana Legislature for the year 1921, as amended, issued its 5% coupon-bonds in the principal sum of $55,000, maturing serially from Jan. 1, 1938, to Jan. 1, 1962, inclusive.

On June 20, 1944, said board, purporting to act under said Article XIV, Section 14 (g), said Act No. 46, as amended, and other statutory authority, adopted a resolution to issue its refunding bonds for the purpose of readjusting and extending its aforesaid serial bonds, which resolution provided for the calling and redemption of the principal thereof and accrued interest thereon. This suit was filed by the appellee to enjoin the issuance of said refunding bonds and for a declaratory judgment as to the rights and legal relations of the school board and its bondholders. From a judgment declaring the proposed refunding bonds unauthorized, and restraining appellant from calling its bonds and coupons for redemption in advance of their maturities, this appeal was taken. For a more detailed statement of the facts, see the opinion of the court below, which is reported in 58 F.Supp. 39.

These bonds were issued under authority of the general bond law of the State of Louisiana.[1] The right to call them for redemption was not expressly reserved in the bonds, in the statutes, or in the Constitution. It is the contention of appellant that the bonds which it seeks to refund are callable in advance of their maturity dates, not because such right was expressly reserved anywhere, but because a section of the state Constitution authorizes the issuance of refunding bonds. Other issues are raised in appellant's brief, but the determination of the above question will control our decision.

We agree with the court below that the existence of a constitutional or statutory right to refund bonds does not necessarily imply the right to call them for payment if they are not due. The bonds here sought to be refunded were issued in compliance with the provisions of said act of 1921. They contain a solemn covenant to pay a fixed rate of interest for a definite term. The detachable coupons bear no notice of future defeasance through prior redemption.

Subsection (g) of said section 14 of the state Constitution is not subject to the interpretation here sought to be placed upon it. The mischief to be remedied and the object to be attained by the amendment of 1934 were the elimination of the necessity for an election and the simplification of procedure for the issuance of refunding bonds. It permits refunding only where the bonds to be refunded are available for cancellation either because of their voluntary surrender or by reason of their having become due.

It was known when the act and constitutional amendment were adopted that bonds which are callable for redemption before maturity do not command a price as high as do bonds that are not callable. No optional provision for earlier maturities was inserted in the bonds in question, and the district in its sale of the bonds is presumed to have been benefited accordingly. To force the surrender of such bonds before maturity with payment of interest only to date of surrender, or to compel them to be exchanged for refunding bonds bearing a lower rate of interest, would impair the contractual obligations of the appellant in violation of the appropriate provisions of both the state and federal constitutions. Const. of La. Art. 4, Sec. 15; Art. 1, Sec. 10, cl. 1, Const. of U. S. The state statutes and state constitutional provision authorizing the issuance of the bonds in question admit of no such interpretation.

The judgment appealed from is Affirmed.

---

[1] Act No. 46 of the Laws of 1921, Ex. Sess., as amended, Secs. 8854 to 8899, inclusive, Louisiana General Statutes.